RUFUS-ISAACS ACLAND & GRANTHAM LLP
ALEXANDER RUFUS-ISAACS, State Bar No. 135747
*aisaacs@rufuslaw.com*
232 N. Canon Drive
Beverly Hills, California 90210
Telephone: (310) 274-3803
Facsimile: (310) 860-2430

RODNEY A. SMOLLA [Pro Hace Vice Application forthcoming]
*rodsmolla@gmail.com*
4601 Concord Pike
Wilmington, DE 19803
Tel: (864) 373-3882

Attorneys for Plaintiff Adam Bonsignori

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ADAM BONSIGNORI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STARZ ENTERTAINMENT, LLC, a Colorado limited liability company; THE STRANGER YOU KNOW, LLC, a California limited liability company; PAIGE GOLDBERG TOLMACH, an individual; THE KENNEDY/ MARSHALL COMPANY, a California corporation; BLUE FOX ENTERTAINMENT, LLC, a California limited liability company, and DOES 1-50,<br><br>Defendants. | CASE No.<br><br>**COMPLAINT FOR:**<br><br>**(1) DEFAMATION**<br><br>**(2) FALSE LIGHT**<br><br>**(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**(4) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Adam Bonsignori complains of defendants Starz Entertainment, LLC, The Stranger You Know, LLC, Paige Goldberg Tolmach, The Kennedy/Marshall Company, Blue Fox Entertainment, LLC, and Does 1 through 50, and alleges as follows:

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

**SUBJECT MATTER JURISDICTION**

1. This court has original jurisdiction under 28 USC § 1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

**NATURE OF THE CASE**

2. The 2018 Emmy-nominated documentary "What Haunts Us" ("Film") arises out of a teacher's sexual abuse of pupils at the Porter-Gaud school in Charleston, South Carolina, in the late 1970's and 1980's. One of the themes of the Film is that people were aware of what was happening but did nothing to stop it.

3. Bonsignori was a pupil at Porter-Gaud during the period that the abuse was occurring. He was not a victim of the abuse and knew nothing about it until the teacher, Eddie Fischer, was arrested in 1997.

4. Paige Goldberg Tolmach, who produced and featured in the Film, was also a pupil at the school but Bonsignori was six grades ahead of her. Since Porter Gaud at the time was divided into an Upper and Lower School, they never knew each other.

5. Defendants created an image by taking Bonsignori's photograph from the school's 1979 year book, manipulating it in the same way that they manipulated Fisher's photograph (using a scratching/blurring technique), and placing a slogan over his mouth saying, "Pay Attention To Who's Paying Attention To Your Kids" ("Image"). Defendants used two versions of the Image extensively in the Film itself and in its marketing materials without Bonsignori's prior knowledge and without ever seeking his consent.

6. The Image conveys two defamatory meanings, either expressly or by implication, namely, either (1) Bonsignori is a sexual abuser, or (2) he knew that others at the school were being sexually abused but failed to protect the victims and was thereby complicit in the abuse.

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

7. Even though Bonsignori's eyes and upper part of his nose are partially obscured in the Image, numerous people have recognized it as him. Especially since he himself is a father and a teacher, he is horrified, humiliated, embarrassed and distressed by Defendants' callous and defamatory use of his likeness to sensationalize the subject matter and market the Film in order to boost their professional standing and/or make money.

**PARTIES**

8. Bonsignori is and at all material times has been a resident of the state of Florida.

9. Tolmach is an individual residing at all material times in Los Angeles County.

10. Starz Entertainment, LLC ("Starz") is a Colorado limited liability company, with offices at 2700 Colorado Avenue, Santa Monica, CA 90404.

11. The Stranger You Know, LLC ("Stranger") is a California limited liability company, with offices at 16027 Ventura Blvd., Encino, CA 91436.

12. The Kennedy/Marshall Company ("Kennedy/Marshall") is a California corporation, with offices at 16055 Ventura Blvd., Encino, CA 91436.

13. Blue Fox Entertainment, LLC ("Blue Fox") is a California limited liability company, with offices at 14013 Old Harbor Lane, Marina Del Rey, CA 90292.

14. Tolmach, Stranger and Kennedy/Marshall, themselves and through their affiliates, are responsible for producing the Film.

15. Starz, itself or through its affiliates, distributed the Film in the USA on its cable channel, and Blue Fox, itself or through its agents and licensees, is distributing the Film in other media and territories worldwide.

16. Defendants are jointly responsible for coordinating, among other things, the distribution, marketing, promotion, and exploitation of the Film throughout all territories.

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

17. At all times mentioned herein, each Defendant acted as the actual or ostensible agent and/or employee of each other Defendant and, in performing the actions alleged herein, acted in the course and scope of such agency and/or employment. Each Defendant succeeded to, assumed the liabilities of, and/or ratified the actions of each other Defendant with respect to the matters alleged herein.

18. Bonsignori is unaware of the true names and capacities of defendants named herein as Does 1 through 50, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Bonsignori therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## PERSONAL JURISDICTION AND VENUE

19. This Court has personal jurisdiction over Tolmach, Stranger, Kennedy/Marshall and Blue Fox because they are domiciled in California. This Court has personal jurisdiction over Starz because it purposefully directed its activities toward residents of California or otherwise established contacts with the state (including maintaining offices and an agent for service of process in California), because Plaintiff's cause of action arises out of or results from Starz's forum-related contacts, and because the exercise of personal jurisdiction in the particular case is reasonable.

20. Venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and 1391(c) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district and because Tolmach, Stranger, Kennedy/Marshall and Blue Fox are domiciled in this judicial district, and because Starz resides in this judicial district.

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

## GENERAL ALLEGATIONS

21. Bonsignori attended the Porter Gaud School in Charleston, South Carolina ("School") featured in the Film, but he was not subjected to any sexual abuse, nor was he aware that any of his fellow students had suffered such abuse until about 1997 when Fischer was arrested – he was jailed for 20 years in 1999. Bonsignori was something of an outsider at the School, having arrived in the 10th grade and because his family was not part of the Charleston social elite whose children attended the School.

22. The Film was screened in a theater in Charleston for several weeks in or about March 2018. It was officially released theatrically and shown in cinemas in Los Angels and New York on or about May 11, 2018. It was first broadcast by Starz on its cable channel on or about May 14, 2018.

23. Bonsignori knew nothing about the Film until late April 2018, when his wife, Karen Bonsignori, was told that Bonsignori's image was in materials relating to the Film. This caused great embarrassment to Bonsignori, who also feared that other people who knew him may now believe that he was a sexual predator. In any event, his wife, his friends and his family members have experienced and expressed shock and surprise that he may have been involved in these events, and whether some of them fully believe Bonsignori's protestations that he was not involved is hard to gauge.

24. On reviewing the images of himself in connection with the Film that are available on the internet, Bonsignori was truly horrified. They show that Defendants have taken Bonsignori's photograph from his senior year book and manipulated it in at least two ways.

### Image No. 1

25. First, Defendants created Image No. 1 (see next page) by attempting to obscure Bonsignori's eye area and the upper part of his nose using a scratch-out effect:

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430




26. The rest of his face is visible, and he is easily recognizable. Over some of these images, the legend "<u>Pay Attention to Who's Paying Attention to Your Kids</u>" ("Legend") appears. This Legend is particularly troubling, since it conveys the message that the people to whom parents entrust their children may not be trustworthy. In the abstract, that message may not be harmful, but when the Legend is displayed over Bonsignori's face, that makes it very personal and very damaging. The clear import is that Bonsignori is someone who cannot be trusted for one of two reasons. This image was widely used as the What Haunts Us Facebook page avatar and in movie promotion materials and publicity,

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

27. Either (a) the combination of the image, which portrays him as a muscular young man, and the Legend may cause a reader/viewer to reasonably believe that he was the sexual predator who is the subject of the Film.

28. Or (b) the image and Legend may cause a reader/viewer to reasonably believe that he failed to protect the victims of sexual abuse and was thereby complicit in the abuse. This is a major theme of the Film, which is described in a review in The Hollywood Reporter dated November 17, 2017, as follows "... Tolmach reveals that her film's title doesn't refer to one adult's abuse of children, nor to the cowardice and pride that kept the school from bringing him to justice. She turns the focus back on the friends and families of those who were exploited, bystanders who, whether they'd been told something was going on or not, had both reasons to suspect and reasons to remain willfully ignorant. As long as that sort of environment exists, whether in schools or the office or on film sets, predators will have little trouble exploiting the vulnerable." One implication created by the image and Legend is that Bonsignori falls into that category of "friends and family" who "had both reasons to suspect and reasons to remain willfully ignorant." This image has been used widely and prominently to promote the film to include the social media avatar for the What Haunts Us pages, newspaper publicity, posters and more.

**Image No. 2**

29. The film makers created Image No. 2 (see next page – from the Film's Facebook page) by partially obscuring Bonsignori's eyes, nose and mouth using a scratch-out effect:

///

///

///

30. This image is less clear but close friends and family have still recognized it as being Bonsignori.

**Image No. 3**

31. The film makers created Image No. 3 (shown below as yet another avatar on the Film's Facebook page, seen under the Film's title in the top left-hand corner of the page below) by pixilating a photograph coarsely and deleting most of the facial features. It is unclear whether this is a photograph of Bonsignori. Suffice it to say that if this image had been used instead of the other two, he would not have been harmed.

///

///

///

///

///

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430




32. Since Defendants are clearly adept at manipulating these images, their decision to use Image No. 1 so widely is especially significant. It takes up most of the one-sheet; it appears prominently in the teasers that ran on Starz multiple times each hour before it was broadcast, on the Film's Facebook page as the avatar and in several postings (Image No. 2 also appears on some of the Film's FB pages about videos), and on Kennedy/Marshall's website. It has gone viral on the web, e.g., https://www.postandcourier.com/features/eddie-fischer-s-sex-abuse-at-charleston-s-porter-gaud/article_aa99dc9e-2180-11e8-ace7-eb362669f434.html, https://scenester.tv/what-haunts-us-a-film-by-paige-goldberg-tolmach-premiering-at-doc-nyc-film-fest/, https://www.vimooz.com/2017/10/16/what-haunts-us-paige-goldberg-tolmach-doc-nyc/, and http://movies.eventful.com/what-haunts-us-/M0-001-000111560-9/showtimes. The sad truth is that Image no. 3 could have been

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

used for all of these purposes and Bonsignori would never have been identified. But Defendants chose otherwise.

**Post Demand Conduct**

33. On May 2, 2018, Bonsignori's wife sent a Facebook message to the producers, complaining that they were using her husband's image in the Film without his permission. The producers' response was clear – they would stop using the image immediately: "karen!! Thank you so much for reaching out to us!! ... The idea that you and Adam are uncomfortable in any way upsets us tremendously and we will absolutely end the usage of the studio-created image in our poster and key art immediately.. xo." But despite now knowing that they were unlawfully using his image, and despite promising to stop using the image on posters or key art immediately, Defendants took no action and continued to use the images for their perceived benefit. This is evidence of deliberate and malicious conduct that merits the imposition of punitive damages against them.

34. On May 4, 2018, Bonsignori saw that Image No. 1 was still being used to promote the Film, and retained counsel. By letter to the producers and to Starz dated May 7, 2018, his counsel demanded that the images be removed from the Film and its marketing materials. On May 14, 2018, Defendants' counsel replied by email, stating that "(A) as a courtesy, the image referenced in your (May 8) letter has been removed from all promotional materials for the documentary Film; and (B) none of your client's name, likeness, image or voice appear in the documentary Film (whether scratched out or otherwise obscured)."

35. Statement (A) was false. Despite the assertion that the image had been removed from all promotional materials for the Film, Starz continued to use the images to promote their broadcast of the Film, which constitutes deliberate and malicious conduct that merits the imposition of punitive damages against Starz.

36. Statement (B) is also false. Despite the assertions that they had been removed, the images were still in the Film when it was released theatrically, in 2

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

places: first in the opening credits, and again 4-5 minutes from the end. Both clips were several seconds long, beginning with Image No. 1, and as the clip advances, his lips and lower face are covered by the scratching-out effect, so that the end image is Image no. 2. The scratching-out effect appears to be used in the Film to convey negative connotations, having been used elsewhere on images of Fischer and the school administrators who ignored the abuse. This use, after Bonsignori's demand and Defendants' counsel's statement that the images would be removed, amounts to deliberate and malicious conduct that merits the imposition of punitive damages against Defendants (except Starz).

**FIRST CLAIM FOR RELIEF - DEFAMATION**

37. Bonsignori repeats and realleges all the allegations contained in paragraphs 1 through 36, inclusive, as though set forth herein in full.

38. The Images convey two defamatory meanings, either expressly or by implication, namely, either (1) Bonsignori is a sexual abuser, or (2) he knew that others at the school were being sexually abused but failed to protect the victims and was thereby complicit in the abuse.

39. The Images expose Bonsignori to injury to his reputation by attributing to him the appearance of negative personal traits or attitudes that he does not possess. In addition, the Images falsely state or imply that Bonsignori acted in an unethical and cowardly manner. The Images subject Bonsignori to contempt and ridicule, injure him in his profession as a teacher, and cause others to shun and avoid him.

40. Bonsignori is not a public figure.

41. The Images were published by Defendants as alleged above negligently and/or with Constitutional actual malice, knowing that they were false or were conveyed with a reckless disregard for the truth or falsity of what was stated.

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

42. As a proximate result of the foregoing, Bonsignori has suffered actual damages, including emotional distress damages, in an amount according to proof at trial but in any event in excess of the jurisdictional threshold of this Court.

43. Defendants' conduct as described herein was done with a conscious disregard of the rights of Bonsignori, with the intent to vex, annoy, and/or harass him. Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under California Civil Code §3294, entitling Bonsignori to an award of punitive damages in an amount appropriate to punish or set an example of Defendants in an amount to be determined at trial.

44. The harm that the Images will cause to Bonsignori in the future is both great and irreparable and the amount of damage already sustained by Bonsignori will be difficult to further sustain if these acts continue. The conduct described above is ongoing, and injunctive relief is necessary to prevent and restrain continued dissemination of the Images. Bonsignori requests that the court enter an injunction to requiring Defendants to remove the Images from the Film and all marketing and promotional materials.

**SECOND CLAIM FOR RELIEF - FALSE LIGHT**

45. Bonsignori repeats and realleges all the allegations contained in paragraphs 1 through 36, inclusive, as though set forth herein in full.

46. The Images convey two defamatory meanings, either expressly or by implication, namely, either (1) Bonsignori is a sexual abuser, or (2) he knew that others at the school were being sexually abused but failed to protect the victims and was thereby complicit in the abuse.

47. The Images created a false impression of Bonsignori by attributing to him the appearance of negative personal traits or attitudes that he does not possess. In addition, the Images portray Bonsignori in a false light by stating or implying that he acted in an unethical or cowardly manner. The Images subject Bonsignori to

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

contempt and ridicule, injure him in his profession as a teacher, and cause others to shun and avoid him.

48. Bonsignori is not a public figure.

49. The Images were widely published by Defendants as alleged above negligently and/or with Constitutional actual malice, knowing that they were false or were conveyed with a reckless disregard for the truth or falsity of what was stated.

50. As a proximate result of the foregoing, Bonsignori has suffered actual damages, including emotional distress damages, in an amount according to proof at trial but in any event in excess of the jurisdictional threshold of this Court.

51. Defendants' conduct as described herein was done with a conscious disregard of the rights of Bonsignori, with the intent to vex, annoy, and/or harass him. Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under California Civil Code §3294, entitling Bonsignori to an award of punitive damages in an amount appropriate to punish or set an example of Defendants in an amount to be determined at trial.

52. The harm that the Images will cause to Bonsignori in the future is both great and irreparable and the amount of damage already sustained by Bonsignori will be difficult to further sustain if these acts continue. The conduct described above is ongoing, and injunctive relief is necessary to prevent and restrain continued dissemination of the Images. Bonsignori requests that the court enter an injunction to requiring Defendants to remove the Images from the Film and all marketing and promotional materials.

## THIRD CLAIM FOR RELIEF - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Bonsignori incorporates in this cause of action all allegations contained in paragraphs 1 through 36 of this Complaint as though set forth fully herein.

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

54. Bonsignori pleads Intentional Infliction Of Emotional Distress as an alternative count in the event that the Images are deemed not defamatory or do not create a false light.

55. Defendants engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to Bonsignori. Defendants' conduct was so extreme and outrageous as to go beyond all possible bonds of decency, and is regarded as atrocious, and utterly intolerable in a civilized community.

56. Bonsignori suffered severe emotional distress as a result of Defendants' conduct alleged above, including, but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

57. As a proximate result of the foregoing, Bonsignori has suffered damages, including said emotional distress damages, in an amount according to proof at trial but in any event in excess of the jurisdictional threshold of this Court.

58. Defendants' conduct as described herein was done with a conscious disregard of the rights of Bonsignori, with the intent to vex, annoy, and/or harass him. Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under California Civil Code §3294, entitling Bonsignori to an award of punitive damages in an amount appropriate to punish or set an example of Defendants in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

59. Bonsignori incorporates in this cause of action all allegations contained in paragraphs 1 through 36 of this Complaint as though set forth fully herein.

60. Bonsignori pleads Negligent Infliction Of Emotional Distress as an alternative count in the first three claims for relief.

61. By acting in the manner alleged above, Defendants negligently caused severe emotional distress to Bonsignori, including, but not limited to, suffering,

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

62. As a proximate result of the foregoing, Bonsignori has suffered damages, including said emotional distress damages, in an amount according to proof at trial but in any event in excess of the jurisdictional threshold of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Bonsignori prays for relief as follows:

1. For compensatory damages according to proof;
2. For punitive damages according to proof;
3. For temporary, preliminary, and permanent injunctive relief, restraining and enjoining Defendants, their agents and all persons acting in concert with them from promoting, distributing, performing, or facilitating the further exploitation of the Images.
4. For costs of suit; and
5. For such further relief as the Court deems just and proper.

DATED: September 13, 2018

RUFUS-ISAACS ACLAND & GRANTHAM LLP

By: ______________________
Alexander Rufus-Isaacs
Attorneys for Plaintiff Adam Bonsignori

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

**DEMAND FOR JURY TRIAL**

Plaintiff Adam Bonsignori hereby demands trial by jury.

DATED: September 13, 2018

RUFUS-ISAACS ACLAND & GRANTHAM LLP

By: ______________________________
Alexander Rufus-Isaacs
Attorneys for Plaintiff Adam Bonsignori